UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRENCH MASON,

        Plaintiff,

    v.                                 CAUSE NO. 3:21-CV-834-DRL-MGG

WILLIAM HYATTE *et al.*,

        Defendants.

OPINION AND ORDER

French Mason, a prisoner without a lawyer, filed a civil rights complaint under 42 U.S.C. § 1983. ECF 1. Upon review, he asserts claims against forty-three defendants located at Miami Correctional Facility based on separate incidents. In his complaint, Mr. Mason first alleges that in February and March 2021, Ombudsman Coordinator Charlene Burkett, Counselors Hankins and Hopman, Indiana Governor Eric Holcomb, and Officers Rhodes and J. Robertson failed to protect him from being assaulted. *Id*. at 13-16. In April 2021, Officers Bales and Hall found him guilty of a disciplinary offense on an outdated conduct report. *Id*. at 17. He alleges that in May 2021 (1) Officers A. Miller, J. Shoffner, Day, Walker, Bowman, and Butler assaulted him when he was having a seizure in his bed and Supervising Officer J. Durr approved the assault, (2) Warden William Hyatte, and Deputy Warden George Payne placed him in an unsanitary room and denied him hygiene supplies, and (3) Nurses Joyce Kline and Pam Cool, Medical Director Lee Ann Ivers, Dr. J. Marandet, and Sergeant Beane denied him medical care for his injuries. *Id*. at 17-24. Mr. Mason next alleges that at the end of May 2021 (1) Warden Hyatte,

Deputy Warden Payne, Captain Bennett, and Officer Knauff denied him access to his legal mail, tablet, religious materials, and other property; (2) Officers C. Nalley and Lerue refused to give him his meals, which caused him to have another seizure; (3) Yard Sergeant Cunningham assaulted him while he was having a seizure by spraying him in the face with mace; (4) unidentified prison officers refused to get him medical care after the assault; (5) Grievance Specialist M. Gapski failed to investigate his grievances in which he complained that his life was in danger; and (6) Executive Director Richard Brown and Warden Hyatte refused to transfer him to another prison to protect his safety. *Id*. at 23-27.

Mr. Mason further alleges that in June 2021, Nurse Cool denied him medical care when an officer accidentally hit his hand cast. *Id*. at 28. He alleges that in July 2021: (1) Sergeant Easley refused to call a government official so he could file a complaint against prison staff, (2) Supervising Officers Smith and Carty, Officer Miller, Yard Officer Bezerk, and an unknown officer confiscated the legal box Deputy Warden Scaiffe had given him, and (3) Counselor Angle fraudulent tried to get him to sign some paperwork. *Id*. at 27-29. In August 2021, Mr. Mason asserts that Officers Smith, Carty, Miller, B. Myers and T. Conley forced him out of his bed, took him to another room, and confiscated his legal work, medical records, and nationality paperwork. *Id*. at 29. Furthermore, Mr. Mason alleges that in September 2021: (1) Officers Boyan and Bennett forced him out of bed and took his legal work; (2) Supervising Officer Heater stood over his bed and shown a flashlight in his face trying to provoke seizures on two occasions; (3) Captain Fisher sent officers to his room to search it and disorganize his paperwork; (4) Warden Hyatte and

Deputy Warden Payne sent Officers James Tamper and Miller, as well as other officers to strip search him on camera and search his room; and (5) Warden Hyatte and Deputy Warden Payne sent investigators to search his property. *Id*. at 30-31. Also, in October 2021, Mr. Mason alleges: (1) Medical Director Ivers denied him immediate medical care after he had a seizure, (2) Officer Heater sent officers to search his room instead of calling for medical help, and (3) Medical Director Ivers, Officer Heater, and Nurse Cool moved him to an unsanitary room in the infirmary that had bugs, feces on the toilet, a broken bed, and no outside windows.[1] *Id*. at 32-33.

Unrelated claims against different defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the court of appeals has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.

*Id*.; *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (observing that plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"). Particular care must be taken in the case of a *pro se* prisoner like Mr. Mason. The law directs district courts to ensure that prisoners are not permitted to lump unrelated claims together in one lawsuit so as to avoid the provisions of the Prison

---

[1] Mr. Mason has also sued Commissioner Robert Carter. However, other than simply listing Mr. Carter in the caption of his case, he never mentions him in the body of his complaint.

Litigation Reform Act. *See Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, 1 (7th Cir. Nov. 3, 2021).

When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Mr. Mason because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened)." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Mr. Mason is unable to select related claims on which to proceed in this case, one of these options may become necessary. Mr. Mason needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about

other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits. Mr. Mason is cautioned that he is required to pay the filing fee for each lawsuit he files, either in advance or over time.

Mr. Mason will be granted an opportunity to file an amended complaint containing only related claims on the court's approved prisoner complaint form. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, Mr. Mason needs to write a short and plain statement telling what each defendant did wrong. He needs to explain when, where, why, and how each defendant violated his rights, providing as much detail as possible. He needs to use each defendant's name every time he refers to that defendant. In other words, Mr. Mason needs to include every fact necessary to explain his case and thoroughly describe how each defendant violated his constitutional rights and caused his injuries.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to French Mason along with three blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) forms and three blank AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis forms;[2]

---

[2] Should Mr. Mason require additional forms, he may contact the Clerk's Office to request them.

(2) GRANTS French Mason until **May 6, 2022**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS French Mason that, if he fails to respond by the deadline or files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED.

April 4, 2022                              _s/ Damon R. Leichty_____
                                           Judge, United States District Court