UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRENCH MASON,

Plaintiff,

v.                                                          CAUSE NO. 3:21-CV-834-DRL-MGG

WILLIAM HYATTE *et al.*,

Defendants.

OPINION AND ORDER

French Mason, a prisoner without a lawyer, filed a complaint that contains

unrelated claims. ECF 1. In this court's April 4, 2022 order, his claims were summarized

as follows:

> Upon review, he asserts claims against forty-three defendants
> located at Miami Correctional Facility based on separate incidents. In his
> complaint, Mr. Mason first alleges that in February and March 2021,
> Ombudsman Coordinator Charlene Burkett, Counselors Hankins and
> Hopman, Indiana Governor Eric Holcomb, and Officers Rhodes and J.
> Robertson failed to protect him from being assaulted. *Id*. at 13-16. In April
> 2021, Officers Bales and Hall found him guilty of a disciplinary offense on
> an outdated conduct report. *Id*. at 17. He alleges that in May 2021 (1)
> Officers A. Miller, J. Shoffner, Day, Walker, Bowman, and Butler assaulted
> him when he was having a seizure in his bed and Supervising Officer J.
> Durr approved the assault, (2) Warden William Hyatte, and Deputy
> Warden George Payne placed him in an unsanitary room and denied him
> hygiene supplies, and (3) Nurses Joyce Kline and Pam Cool, Medical
> Director Lee Ann Ivers, Dr. J. Marandet, and Sergeant Beane denied him
> medical care for his injuries. *Id*. at 17-24. Mr. Mason next alleges that at the
> end of May 2021 (1) Warden Hyatte, Deputy Warden Payne, Captain
> Bennett, and Officer Knauff denied him access to his legal mail, tablet,
> religious materials, and other property; (2) Officers C. Nalley and Lerue
> refused to give him his meals, which caused him to have another seizure;
> (3) Yard Sergeant Cunningham assaulted him while he was having a
> seizure by spraying him in the face with mace; (4) unidentified prison

officers refused to get him medical care after the assault; (5) Grievance Specialist M. Gapski failed to investigate his grievances in which he complained that his life was in danger; and (6) Executive Director Richard Brown and Warden Hyatte refused to transfer him to another prison to protect his safety. *Id.* at 23-27.

Mr. Mason further alleges that in June 2021, Nurse Cool denied him medical care when an officer accidentally hit his hand cast. *Id.* at 28. He alleges that in July 2021: (1) Sergeant Easley refused to call a government official so he could file a complaint against prison staff, (2) Supervising Officers Smith and Carty, Officer Miller, Yard Officer Bezerk, and an unknown officer confiscated the legal box Deputy Warden Scaiffe had given him, and (3) Counselor Angle fraudulent[ly] tried to get him to sign some paperwork. *Id.* at 27-29. In August 2021, Mr. Mason asserts that Officers Smith, Carty, Miller, B. Myers and T. Conley forced him out of his bed, took him to another room, and confiscated his legal work, medical records, and nationality paperwork. *Id.* at 29. Furthermore, Mr. Mason alleges that in September 2021: (1) Officers Boyan and Bennett forced him out of bed and took his legal work; (2) Supervising Officer Heater stood over his bed and shown a flashlight in his face trying to provoke seizures on two occasions; (3) Captain Fisher sent officers to his room to search it and disorganize his paperwork; (4) Warden Hyatte and Deputy Warden Payne sent Officers James Tamper and Miller, as well as other officers to strip search him on camera and search his room; and (5) Warden Hyatte and Deputy Warden Payne sent investigators to search his property. *Id.* at 30-31. Also, in October 2021, Mr. Mason alleges: (1) Medical Director Ivers denied him immediate medical care after he had a seizure, (2) Officer Heater sent officers to search his room instead of calling for medical help, and (3) Medical Director Ivers, Officer Heater, and Nurse Cool moved him to an unsanitary room in the infirmary that had bugs, feces on the toilet, a broken bed, and no outside windows. *Id.* at 32-33.

ECF 17.

After reviewing the complaint, the court explained to Mr. Mason that "[u]nrelated claims against different defendants belong in different suits[.]" ECF 17 at 3 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). The court further explained that, when a *pro se* prisoner files a suit with unrelated claims, the court has several options, but allowing the plaintiff to amend his complaint to include only related claims is the fairest

solution. *Id.* at 4 (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009)). Mr. Mason was granted an opportunity to amend his complaint. *Id.* at 5. The court explained to Mr. Mason that the court could properly limit this case by picking a claim or related claims for him. *Id.*  And, he was warned that, if he could not select related claims on which to proceed in this case, it might become necessary for the court to pick for him. *Id.* at 4. Mr. Mason did not amend his complaint to assert only related claims by the deadline. Therefore, the court will pick for him.

After considering the various allegations in the complaint, the court selects Mr. Mason's claims related to the use of force on May 10, 2021. All other allegations will be excluded from consideration in this lawsuit.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Regarding the claims the court has decided to consider in this lawsuit, Mr. Mason alleges that he suffers from seizures, post-traumatic stress, and nightmares. He had a seizure on May 10, 2021, around 2:50 a.m. ECF 1 at 17. Officer Angela Miller responded and witnessed Mr. Mason having a seizure while in his bed. *Id.* at 18. Officer Miller called

Mr. Mason's name, but he did not respond. Officer J. Shoffner then arrived. Officer Miller stepped out of the cell to question Mr. Mason's roommate. *Id.* Officer Shoffner apparently concluded that Mr. Mason was not actually having a seizure, and then slammed Mr. Mason to the ground trying to force him into handcuffs. *Id.* at 18-19. Mr. Mason's hand was allegedly broken in the process. *Id.* at 18. Officer Miller returned, joined in the assault, and used a TASER on Mr. Mason while Officer Shoffner held him down. *Id.* at 19. At some point, Officer Walker and Officer Day joined in the alleged assault, although Mr. Mason does not provide details regarding their involvement. *Id.* Miller used a TASER on Mr. Mason a second time. He alleges that collectively Officers Day, Schoffner, Walker, Miller, Bowman, and Butler "beat the clothes off of me, pulling my hair out, and locking me in the cell I-351 while I was not conscious." *Id.* at 19-20. Officer Bowman then sprayed mace in Mr. Mason's face through the closed cell door. *Id.* at 20. Following the incident, Mr. Mason was taken to restrictive housing.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Mason the benefit of the inferences to which he is entitled at this stage of the case, his allegations state an Eighth Amendment

claim against A. Miller,[1] J. Shoffner, and Bowman. He will also be permitted to proceed against them on his state law battery claim. However, his factual allegations regarding the involvement of Day, Walker, and Butler are too vague to permit a plausible inference that they too used excessive force or committed a battery against Mr. Mason.

Mason further alleges that J. Durr was the supervising officer, and he approved the use of excessive force. *Id.* at 18. This allegation is lacking in detail and appears to be based on mere speculation or perhaps Officer Durr's status as a supervisor. Officer Durr, however, is not liable merely because he supervised the officers that allegedly used excessive force against Mr. Mason. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and defendants cannot be held individually liable simply because they employed or supervised the alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Accordingly, Mr. Mason will not be permitted to proceed against J. Durr.

Mr. Mason additionally alleges that, following the attack, Officers J. Shoffner and A. Miller fabricated incident reports claiming they were responding to a medical signal when there is no record of a medical signal being called. Though, if true, this conduct is concerning, it does not implicate Mr. Mason's constitutional rights.

Mr. Mason further claims that this assault was part of a pattern or practice of staff using excessive force against him, and he sued Hyatte, Brown, Carter, Pane, Burkett, Rhodes, E. Holcomb, M. Gapski, and J. Robertson for not stepping in despite his many

---

[1] Mr. Mason has sued A. Miller and a separate defendant Miller without any further identifying details. ECF 1 at 3, 11. Only the allegations against A. Miller are addressed in this screening order.

grievances and complaints. Mr. Mason's complaint documents two instances of alleged excessive force against him involving different officers at different times. He references a third incident some time ago without providing details. These allegations do not suggest that these incidents are related or that the laundry list of defendants who allegedly knew of his complaints – many of whom are high-ranking officials - endorsed a pattern of practice of using excessive force against Mr. Mason. As already noted, a defendant is not liable merely because he employs or supervises someone who engages in wrongdoing. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009).

The court has determined that the remaining potential claims identified in the earlier order are unrelated to the excessive force claim against A. Shoffner, A. Miller, and Bowman, and therefore cannot proceed here. Claims in a single lawsuit must be related, either because the same person is involved in each claim or because the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ..")). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

For these reasons, the court:

(1) DISMISSES Angle, Bales, Beane, Bennett, Bezerk, Boyan, Carty, T. Conley, Pam Cool, Cunningham, Easley, Fisher, Hall, Hankins, Heater, Hopman, Lee Ann Ivers, Joyce A. Kline, Knauff, Lerue, J. Marandet, Miller, B. Myers, C. Nalley, J. Scaiffe, Smith, and James Tamper pursuant to Federal Rule of Civil Procedure 21;

(2) GRANTS French Mason leave to proceed against J. Shoffner, A. Miller, and Bowman in their individual capacities for compensatory and punitive damages for using excessive force against him on May 10, 2021, in violation of the Eighth Amendment;

(3) GRANTS French Mason leave to proceed against J. Shoffner, A. Miller, and Bowman in their individual capacities for compensatory and punitive damages for committing a battery against him on May 10, 2021, in violation of Indiana law;

(4) DISMISSES all other claims;

(5) DISMISSES Richard Brown, Charlene Burkett, Butler, Robert E Carter, Day, J. Durr, M. Gapski, Eric Holcomb, William Hyatte, George Payne, Rhodes, J. Robertson, and Walker;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) J. Shoffner, A. Miller, and Bowman at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), J. Shoffner, A. Miller, and Bowman to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 4, 2022                                       s/ Damon R. Leichty
                                                      Judge, United States District Court