UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRENCH MASON,

        Plaintiff,

v.                                   CAUSE NO. 3:21-CV-834-DRL-MGG

J. SHOFFNER *et al.*,

        Defendants.

OPINION AND ORDER

On October 4, 2022, French Mason, a prisoner without a lawyer, was granted leave to proceed against J. Shoffner, A. Miller, and Bowman in their individual capacities for compensatory and punitive damages for using excessive force against him, in violation of the Eighth Amendment, and for committing a battery, in violation of Indiana law, on May 10, 2021. ECF 18 at 7. He has now filed an emergency motion to report retaliation and seeks entry of a preliminary injunction. ECF 23.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Mr. Mason, who is housed at Wabash Valley Correctional Facility (WVCF), seeks injunctive relief alleging the defendants retaliated against him by refusing to deliver his legal mail to him on November 9, 2022. ECF 23. He asserts that, since being granted leave to proceed on the claims in this case, the defendants have also retaliated against him by denying him access to the prison's religious services as well as the grievance process. *Id*. at 1. He asserts he has also been subjected to random searches. *Id*. Mr. Mason explains he is housed in isolation and has no way of conducting legal research or getting legal assistance from his fellow inmates. *Id*. He requests entry of a preliminary injunction directing the defendants to deliver his legal mail to him in accordance with federal and state law, and prison mailroom policy. *Id*. at 2. Mr. Mason also asks the court to enforce the provisions of a recorded trust agreement between the Moroccan Empire of America Republic National De Jure Government and the State of Indiana. *Id*. at 1-2; ECF 23-1 at 1-6.

In response to Mr. Mason's request for injunctive relief, the defendants have produced the affidavit of Amber Wallace, Clerical Assistant 2, who since March 16, 2018, has overseen the operation of WVCF's mailroom. ECF 24-1 at ¶¶ 2- 4. In her affidavit, Ms. Wallace attests that legal mail sent from Eichhorn & Eichhorn, LLP, addressed to Mr. Mason on November 7, 2022, was personally delivered to him by mailroom staff on November 9, 2022. *Id*. at ¶ 8(a), (b). However, he refused to accept receipt of that legal mail on November 9, 2022. *Id*. at ¶ 8(c); ECF 24-2 at 2. That same day, Mr. Mason simultaneously accepted receipt of legal mail from the mailroom staff that had been sent to him by the United States Court of Appeals for the Seventh Circuit. *Id*. ¶ 8(d); ECF 24-2

2

at 1. Ms. Wallace further attested that at no point did any mailroom staff member neglect to deliver Mr. Mason's legal mail to him. *Id*. ¶ 10.

Mr. Mason was not granted leave to proceed on a retaliation claim. He cannot obtain injunctive relief that falls outside of the scope of his complaint. Furthermore, the recorded trust agreement he filed with his motion has no relevance to his claim. Mr. Mason has failed to demonstrate he meets the legal standards required to obtain the extraordinary remedy of injunctive relief. According, there is no basis for the court to issue the requested injunction.

For these reasons, the emergency motion to report retaliation and for entry of a preliminary injunction (ECF 23) is DENIED.

SO ORDERED.

December 7, 2022          *s/ Damon R. Leichty*
                          Judge, United States District Court