UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRENCH MASON,

    Plaintiff,

    v.                              CAUSE NO. 3:21-CV-834-DRL-MGG

J. SHOFFNER *et al.*,

    Defendants.

OPINION AND ORDER

French Mason, a prisoner without a lawyer, is proceeding in this case against Correctional Officers Justin Shoffner, Angela Miller, and Robert Bowman for (1) "using excessive force against him on May 10, 2021, in violation of the Eighth Amendment," and (2) "committing a battery against him on May 10, 2021, in violation of Indiana law[.]" ECF 18 at 7. The defendants filed a motion for summary judgment, arguing Mr. Mason did not exhaust his administrative remedies before filing this lawsuit. ECF 32. Mr. Mason filed a response, and the defendants filed a reply. ECF 40, 41. The summary judgment motion is now fully briefed.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of

what appears on paper but whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The parties agree to key facts. On May 19, 2021, Mr. Mason submitted Grievance 128741, complaining the defendants used excessive force against him. ECF 33-3 at 13. On June 16, 2021, the grievance office received Grievance 128741 and issued a receipt. *Id.* at 14. On July 13, 2021, the grievance office issued a response denying Grievance 128741 on its merits. *Id.* at 12. Mr. Mason requested a Level I appeal form and was sent the form by the grievance office, but the grievance office has no record of ever receiving the completed appeal form from Mr. Mason. *Id.* at 4; ECF 33-1 at 6.

The defendants argue Mr. Mason did not exhaust his available administrative remedies before filing this lawsuit because he never submitted a Level I appeal following the grievance office's denial of Grievance 128741. ECF 33 at 5-6. In his response, Mr. Mason concedes he did not fully exhaust Grievance 128741, but argues his administrative remedies were unavailable because he submitted a completed Level I appeal form but never received any response from the grievance office. ECF 40-2 at 5-6. Specifically, he attests that he handed the completed grievance appeal form to the Grievance Specialist the day after receiving the form. *Id.* at 5. After two weeks without any response, he sent a request to the warden about the next step in the grievance process, and was told to contact Deputy Warden Scaiffe, his assigned personal liaison. *Id.* at 5-6. Mr. Mason wrote to Deputy Warden Scaiffe and the Grievance Specialist about the lack of response to his appeal but never received any response from either party. *Id.* at 6.

In their reply, the defendants do not dispute that Mr. Mason submitted a Level I appeal but never received any response from the grievance office. ECF 41. The court thus accepts that as undisputed. Instead, the defendants argue that Mr. Mason still had available administrative remedies he did not exhaust because the Offender Grievance Process instructed him to treat the non-response to his Level I appeal as a denial and submit a Level II appeal to the Department Grievance Manager. *Id.* at 2-3.

Pursuant to the Offender Grievance Process, if an offender is dissatisfied with the grievance office's response to his grievance, he may submit a completed Level I appeal form to the Grievance Specialist. ECF 33-2 at 12. "The Offender Grievance Specialist shall record the date they received the appeal, forwarded the appeal to the office of the Warden, and generate a receipt for the appeal and forward a copy to the offender." *Id.* at 13. The warden's response to the Level I appeal "shall be completed within ten (10) business days of receipt of the appeal." *Id.* "If, after receipt of the [Level I] appeal response, the offender is still dissatisfied, or no response is received within the time frame, they may [submit a Level II] appeal to the Department Offender Grievance Manager." *Id.*

Here, because it is undisputed the grievance office never received Mr. Mason's completed Level I appeal form and never generated a receipt for the appeal, the Offender Grievance Process did not permit Mr. Mason to submit a Level II appeal. Specifically, the Offender Grievance Process provides that: (1) the Grievance Specialist must "generate a receipt" for a Level I appeal form and forward a copy to the inmate; (2) the warden's response to the Level I appeal form is then due within 10 business days

4

of the grievance office's "receipt of the appeal"; and (3) if the inmate receives no response within that 10-day time frame, he may submit a Level II appeal to the Department Grievance Manager. ECF 33-2 at 13. Because the grievance office never received or generated a receipt for Mr. Mason's Level I appeal form, the warden's 10-day timeline to respond to the appeal form never started and the Offender Grievance Process never allowed Mr. Mason to submit a Level II appeal.

Accordingly, because the grievance office never received or responded to Mr. Mason's Level I appeal form and did not respond to his written inquiries regarding the lack of response to his appeal, the grievance office left Mr. Mason without any further remedies to exhaust. The defendants have thus not met their burden to show Mr. Mason had available administrative remedies he did not exhaust before filing this lawsuit. Their motion for summary judgment must be denied.

For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 32).

SO ORDERED.

August 28, 2023                                   *s/ Damon R. Leichty*
                                                  Judge, United States District Court