UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRENCH MASON,

        Plaintiff,

        v.                           CAUSE NO. 3:21-CV-834 DRL

J. SHOFFNER *et al.*,

        Defendants.

OPINION AND ORDER

French Mason, a prisoner without a lawyer, is proceeding in this case against Correctional Officers Justin Shoffner, Angela Miller, and Robert Bowman for (1) "using excessive force against him on May 10, 2021, in violation of the Eighth Amendment," and (2) "committing a battery against him on May 10, 2021, in violation of Indiana law[.]" ECF 18 at 7. The defendants filed a motion for summary judgment. ECF 106. Mr. Mason filed a response, and the defendants filed a reply. ECF 113, 114. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To survive summary judgment on an excessive force claim, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id.* at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)).

Under Indiana law, if an officer "uses unnecessary or excessive force, the officer may commit the torts of assault and battery." *Fidler v. City of Indianapolis*, 428 F. Supp.2d

2

857, 866 (S.D. Ind. 2006) (citing *Crawford v. City of Muncie*, 655 N.E.2d 614, 622 (Ind. App. 1995)). In such a case, "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Mullins v. Parkview Hosp., Inc.*, 865 N.E.2d 608, 610 (Ind. 2007) (citing Restatement (Second) of Torts § 13 (1965)). "Indiana's excessive force standard effectively parallels the federal standard[.]" *Fidler*, 428 F. Supp. 2d at 866.

At Mr. Mason's deposition, he testified to several facts. He began having seizures in 2008 after he was shot in the head. ECF 104 at 16-18. Whenever Mr. Mason has a seizure, he loses consciousness and cannot remember his seizures or what happens during his seizures. *Id.* at 17, 22-25. When he wakes from the seizure, he is in an "altered mental state" and does things unknowingly. *Id.* at 22. He reports it is like he is "brain dead" when he has a seizure, and he has to rely on the reports of other people regarding what occurred during his seizure. *Id.* at 23-25. Mr. Mason doesn't have any firsthand knowledge of what occurred in his cell on May 10, 2021, because he was unconscious at the time of the seizure. *Id.* at 35-39. The first thing he remembers upon coming out of the seizure was being in the sally port, after the defendants' alleged use of force had ended. *Id.* at 35-39, 48, 57-61.

The defendants argue summary judgment is warranted in their favor because Mr. Mason has provided no admissible evidence regarding what occurred on May 10, 2021, as he has no firsthand knowledge of what occurred and has not identified any other

source of evidence that would allow him to substantiate his claims. ECF 107 at 5-6. In his response, Mr. Mason concedes he has no firsthand knowledge of what occurred on May 10, 2021, but argues he can show the defendants used excessive force against him based on their Witness Statements and Reports of Use of Physical Force. ECF 113 at 1-5.

Through discovery, the defendants provided Witness Statements and Report of Use of Physical Force forms they completed after the May 10, 2021 incident. On May 10, 2021, the defendants responded to a signal 3000 in Mr. Mason's cell. ECF 84 at 45, 53-65. When Sgt. Miller arrived at Mr. Mason's cell, she observed him lying on the bottom bunk appearing to have a seizure. *Id.* at 45. Initially, Mr. Mason was unresponsive. *Id.* Officer Shoffner tried to speak with Mr. Mason to wake him up. *Id.* at 45, 59. When Mr. Mason woke up, Officer Shoffner told him to submit to restraints so medical staff could look at him, but Mr. Mason became combative and swung and hit Officer Shoffner. *Id.* Officer Shoffner backed out of the cell but Mr. Mason charged forward and swung at him again, hitting him in the forehead. *Id.* Officer Shoffner pinned Mr. Mason to his bunk to try to get him to cuff up, at which point Mr. Mason spit in his face. *Id.* Sgt. Miller pulled her TASER and announced she had done so. *Id.* at 45. When Mr. Mason continued resisting, Sgt. Miller deployed the taser hitting Mr. Mason in the upper torso. *Id.* At this time, Officer Day entered Mr. Mason's cell to help subdue him. *Id.* at 45, 55. Mr. Mason went into a rage and grabbed Officer Day by the face, so Sgt. Miller deployed her TASER again and struck Mr. Mason in the thigh area. *Id.* The TASER applications had no effect, so the officers backed out of Mr. Mason's cell and Sgt. Bowman deployed a "one-second burst" of OC spray on Mr. Mason and secured his cell door. *Id.* at 45, 53, 55. Mr. Mason calmed

4

down, submitted to restraints, and was escorted to the restricted housing unit where he was evaluated by medical staff. *Id.* at 53.

Here, Mr. Mason has not provided evidence by which a reasonable jury could conclude the defendants violated his Eighth Amendment rights, as he relies only on the version of events described by the defendants in their Witness Statements and Report of Use of Physical Force forms, which do not show an Eighth Amendment violation. Specifically, the facts show the defendants ordered Mr. Mason to submit to restraints once he woke from his seizure, and Mr. Mason refused these orders and instead became aggressive, struck Officer Shoffner on the head, spit into Officer Shoffner's face, and grabbed Officer Day by the face. The defendants then used enough force as was necessary to overcome Mr. Mason's resistance and restore order by pinning him to his bunk, deploying tasers which were ineffective, and deploying a "one-second burst" of OC spray and locking him into his cell until he calmed down and submitted to restraints. Accepting as true that Mr. Mason was in an "altered mental state" at this time and not in control of his actions, this doesn't change the fact that the force used by the defendants was necessary to quell the disturbance Mr. Mason was (inadvertently) causing. Rather, the undisputed evidence shows the defendants' use of force was necessary to restore order and ensure the safety of both prison staff and Mr. Mason. Accordingly, because Mr. Mason relies only on the defendants' version of events of what occurred on May 10, 2021, and the defendants' version of events shows they used force in a good-faith effort to restore order, no reasonable jury could conclude the defendants violated Mr. Mason's Eighth Amendment rights.

Regarding Mr. Mason's remaining state law claim, though the court could remand this claim because federal question jurisdiction no longer exists, the court retains this claim because substantial judicial resources have been expended[1] and it is clear how it must be decided. *See Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). It is clear how this claim must be decided because "Indiana's excessive force standard effectively parallels the federal standard," and the undisputed evidence shows the defendants did not use excessive force under the Eighth Amendment standard. *See Fidler*, 428 F. Supp. 2d at 866. Accordingly, summary judgment is warranted in favor of the defendants on both Mr. Mason's federal and state law claims.

Last, the defendants filed a motion seeking sanctions for Mr. Mason's failure to cooperate in the discovery process after the court granted their motion to compel. ECF 95. The motion asks that Mr. Mason be sanctioned with dismissal of this case. The motion is well-founded. However, because summary judgment must be granted and this case will be dismissed on the merits, the court declines to rule on the request for sanctions.

For these reasons, the court:

(1) DENIES AS MOOT the defendants' motion for sanctions (ECF 95);

(2) GRANTS the defendants' motion for summary judgment (ECF 106); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against French Mason and to close this case.

---

[1] That the court has expended substantial judicial resources is readily apparent: the case has been pending in this district for over 3 years and there are over 100 entries on the docket.

SO ORDERED.

October 11, 2024                          _s/ Damon R. Leichty_
                                          Judge, United States District Court